UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN CEDRIC KING,

        Petitioner,

v.                                        Case No. 17-12743
                                        Honorable Linda V. Parker

CARMEN D. PALMER,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

      Michigan prisoner Adrian Cedric King ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal convictions and sentences. Petitioner was convicted of assault with intent to commit murder, felon in possession of a firearm, discharge of a firearm toward a building, and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court. In 2005, the trial court sentenced Petitioner as a third habitual offender to 35 to 70 years imprisonment on the assault conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, a concurrent term of two to four years imprisonment on the discharge of a firearm conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner raises claims concerning the effectiveness of trial and appellate counsel.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, a person seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals the screening function the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a second or successive petition is filed without first obtaining the required authorization, the district court must transfer the petition to the appropriate court of appeals. *See* 28 U.S.C. § 1631[1]; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit Court of Appeals], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in … the court from which it was transferred.

In 2007, Petitioner filed a federal habeas petition challenging the same state court convictions and sentences and raising an insufficient evidence claim, which was denied and dismissed with prejudice. *See King v. Capello*, No. 07-cv-15134 (E.D. Mich. Jan. 18, 2011). His appeal was dismissed for want of prosecution. In 2014, Petitioner filed a second federal habeas petition raising claims similar to those raised in his current petition. The case was transferred to the United States Court of Appeals for the Sixth Circuit, which denied Petitioner authorization to proceed on the second or successive petition because he could have raised his claims in his first petition. *See In re Adrian King*, No. 15-1068 (6th Cir. July 13, 2015).

Petitioner has not obtained appellate authorization to file the current habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 31, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager